VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.    25-AP-285



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JULY TERM,   2026

Jessica Floyd v. Michelle LeBlanc\*

}  APPEALED FROM:
}  Superior Court, Bennington Unit,
}  Civil Division
}  CASE NO. 25-CV-00104
Trial Judge: David A. Barra

In the above-entitled cause, the Clerk will enter:

Tenant, self-represented, appeals from the trial court's judgment in landlord's favor in this ejectment and breach-of-contract case.  We affirm.

## I.  Procedural History

The trial court made the following findings after a two-day bench trial.  Landlord rented a floor in a large home from the property owner.  Landlord had permission to rent out one of the bedrooms in her personal residence.  She rented an upstairs bedroom to tenant pursuant to an oral agreement for $700 per month.  The parties shared common spaces.  Tenant paid rent between May 2024 and December 2024.

Issues arose between the parties and landlord decided to discontinue tenant's lease due to the parties' incompatibility.  Landlord asked tenant to move out via a text message on October 13, 2024.  Tenant then contacted the Fire and Safety Division of the Vermont Health Department as well as the Human Rights Commission.  The former conducted an inspection of the property on October 18, 2024.  Landlord resolved all issues identified by the inspection with the exception of a replacement screen for tenant's bedroom because tenant did not let anyone enter her room for that purpose.  Because tenant did not leave, landlord gave her a notice of termination for no cause on October 18, 2024.  The notice identified November 2, 2024, as the termination date.  Landlord put the notice under tenant's bedroom door.  She saw tenant exit the bedroom with the notice in her hand that same day.

On October 27, 2024, landlord sent tenant written notice that the rent would increase on January 1, 2025, to $1000 per month.  Tenant received this notice.  Tenant thereafter complained about the quality of the internet connection and the heat, and landlord responded to her concerns.

Landlord did not prevent tenant from raising the thermostats and she did not interfere with tenant's use of the internet.

On November 25, 2024, landlord served another notice of termination on tenant by first class and certified mail and hand delivery. That notice stated the following: "Your tenancy is terminated pursuant to 9 V.S.A. § 4467(h). Your landlord may terminate your tenancy by providing at least fifteen (15) days actual notice." Landlord filed this suit in January 2025.

Tenant did not notify landlord in writing that she was withholding rent for habitability reasons. Beyond her complaints about heat, tenant did not identify a specific habitability issue in writing to landlord. Tenant vacated the property on May 8, 2025.

At the hearing, tenant sought to admit 120 exhibits over landlord's objections. The court reviewed the exhibits and considered the objections. It found that the objections fell into three categories: the timing and manner of the filing, the relevance or probative value of the exhibits, and the foundation for the admission of the exhibits. It issued a ruling on each exhibit. The court noted that while many of the admitted exhibits were cumulative and of limited relevance, the risk of prejudice was slight, and it admitted them to provide the broadest basis for consideration of the facts. The court recognized the enormous burden that the submission of 120 exhibits within a few days of trial placed on an opposing party, but it weighed that against the interests of gaining as full an understanding of the parties' relationship as possible.

The court noted that prior to the bench trial, tenant moved to dismiss the complaint because she had moved out. Tenant argued that because landlord had regained possession, landlord's claims for back rent could not succeed. Landlord opposed the motion because she sought damages in her initial complaint. She sought leave to amend her complaint to make her claim for damages clearer. The court granted landlord's request. It explained that the initial complaint asserted that tenant owed and had failed to pay $1000 monthly rent since January 2025. This allegation gave tenant fair notice that landlord was seeking unpaid rent as well as possession of the property. Landlord further requested judgment "in an amount to include past due rent, fees, costs, and damages beyond normal wear and tear." This was in addition to recovering possession. The court cited the standards applicable to motions to amend a complaint, emphasizing that the rules require trial courts to grant amendments to pleadings liberally. It explained that landlord raised no new claims but instead provided updated information encompassed by the original complaint, and a theory of law implied in her original complaint that was now expressly alleged. The court found that tenant suffered no prejudice from the amendment. It held that landlord was entitled to seek damages against tenant for the reasons set forth in her complaint and amended complaint.

Landlord raised two causes of action: ejectment and failure to pay rent in breach of the parties' contract. Because landlord had since regained possession, her claim for ejectment was moot. The court found in landlord's favor on her contract claim. It found that the parties had a valid oral lease that started around May 1, 2024. The oral agreement originally called for payment of $700 per month, which tenant paid until December 2024. By written notice received by tenant, landlord informed tenant that the rent would increase to $1000 per month as of January 1, 2025, a date more than sixty days in the future. Landlord provided proper notice of the rent increase. See 9 V.S.A. § 4455(b) ("An increase in rent shall take effect on the first day of the rental period following no less than 60 days' actual notice to the tenant."). Tenant owed $1000 per month for January through April 2025, totaling $4000. Tenant paid landlord $451 during that period. The

court thus granted judgment to landlord for $3,548.39.[1]  The court then turned to tenant's counterclaims.  Tenant asserted claims based on habitability, retaliatory conduct, discrimination, and breach of contract.  The court found all of these claims without merit.  Tenant's counterclaims are discussed in additional detail below.  Tenant appealed.

## II.  Arguments on Appeal

We begin with our standard of review.  On review from a judgment following a bench trial, the trial court's findings will stand "unless clearly erroneous when viewed in the light most favorable to the prevailing party."  Lofts Essex, LLC v. Strategis Floor & Decor Inc., 2019 VT 82, ¶ 17, 211 Vt. 204 (quotation omitted).  "A finding will not be disturbed merely because it is contradicted by substantial evidence."  Id.  Instead, "an appellant must show there is no credible evidence to support the finding."  Id.  We leave it to the trial judge, as factfinder, to assess "the credibility of witnesses and . . . the persuasive effect of the evidence."  Id.  We will uphold the court's conclusions "where they are reasonably drawn from the evidence presented."  Id.

Although tenant ordered transcripts in this case, she failed to ensure that they were complete.  The transcript from the first day of the bench trial is missing essentially all of landlord's testimony, which formed the basis for many of the court's findings.  It was tenant's burden as the appellant to ensure that this Court has an adequate record to engage in informed review.  This includes timely identifying any issues with the record and availing herself of the process set forth in the rules to remedy such issues.  See V.R.A.P. 10(c) (describing process for recreating record when transcript is unavailable); V.R.A.P. 10(b)(1) (explaining that appellant bears responsibility for ordering transcript and if transcript not ordered, appellant "waives the right to raise any issue for which a transcript is necessary for informed appellate review").  Landlord's testimony is necessary for informed review of numerous issues raised by tenant.  "Without the transcript, this Court assumes that the trial court's findings are supported by the evidence."  Evans v. Cote, 2014 VT 104, ¶ 7, 197 Vt. 523; see also Hoiska v. Town of E. Montpelier, 2014 VT 80, ¶ 9 n.*, 197 Vt. 196 (explaining that without transcript this Court could not review appellant's argument that findings were unsupported by evidence).

We note that while tenant challenges many of the court's findings as erroneous, these challenges essentially contest the trial court's assessment of the credibility of witnesses and the weight of the evidence.  Tenant relies on her own version of the evidence in support of her arguments.  This is at odds with our standard of review.  As indicated above, we defer to the trial court's assessment of the weight of the evidence and the credibility of witnesses, and we do not reweigh the evidence on appeal.  In the absence of a transcript of landlord's testimony, we presume that the court's findings with respect to matters attributable to landlord's beliefs and actions are supported by the evidence.  This includes the court's finding that landlord did not prevent tenant from raising the thermostat.[2]

In a related vein, we reject tenant's assertion that the court erred in excluding thirty photographs she submitted concerning the temperature in the rental unit.  The court excluded some of these photographs because the date, time, source, and relevance of each photo were not

---

[1]  After offsets for amounts held in escrow, and the inclusion of landlord's costs, the total amount awarded to landlord was $1,628.56.

[2]  We note that tenant also testified she used a space heater to maintain the temperature in her room.

3

established, and others because they lacked foundation or were irrelevant. While tenant disagrees with the result, she fails to show that the court abused its discretion in reaching its conclusion. See, e.g., Meyncke v. Meyncke, 2009 VT 84, ¶ 15, 186 Vt. 571 (mem.) (explaining that arguments which amount to nothing more than a disagreement with court's reasoning and conclusion do not make out a case for an abuse of discretion). Tenant fails to show that the court erred in its evaluation of the admissibility of her remaining exhibits. She similarly fails to show that the court imposed a new requirement in evaluating the admissibility of her exhibits. The admissibility of exhibits is governed by the rules of evidence. Tenant complains about a finding that the heat was set at sixty-five, but she fails to show where the court made such finding. The court found that landlord agreed to keep the thermostat at sixty-five, that tenant noted that the temperature was often lower, and that landlord did not prevent tenant from raising the thermostat. With respect to landlord's actions, we presume, given the absence of the necessary portion of the transcript, that these findings are supported by the evidence.

We also reject several of tenant's factual challenges as immaterial. This includes the court's finding that tenant called the police about a missing slice of bread. The court found that landlord asked tenant to leave because the parties were incompatible; the reasons for that incompatibility are immaterial. The court did not state or imply in its decision that tenant was unreasonable or prone to overreaction, and we reject tenant's assertion that the bread incident unfairly impugned her credibility. In any event, landlord did not need any reason to ask tenant to leave and, as tenant moved out, the ejectment action is moot. For this reason, we similarly need not address tenant's arguments about whether landlord served her with proper notice to move out when she asked her by text to leave. We note that, regardless of whether the initial notice was properly sent via text message, landlord sent tenant another notice of termination on October 18, 2024, and another one by first class and certified mail and hand delivery in November 2024. The court's finding concerning the installation of a replacement screen in tenant's bedroom is also immaterial here, and we need not address whether tenant was entitled to demand written notice prior to allowing access to her bedroom to replace the screen. Any alleged error was harmless, and we reject tenant's assertion to the contrary.

Tenant next asserts that the court erred in allowing landlord to amend her complaint and denying tenant's motion to dismiss. We reject this argument. The court applied the appropriate standards, provided a reasoned basis for its decision, and acted within its discretion in granting landlord's request. Contrary to tenant's assertion otherwise, the court found that landlord's original complaint put tenant on notice that landlord was seeking back rent. It did not find that tenant suffered any prejudice. Tenant disagrees with the court's conclusion but fails to show any abuse of discretion. Tenant fails to show where in the record the court rejected her request to continue the hearing to allow her to consult with an attorney regarding the amended pleading and we thus do not address this argument. See In re S.B.L., 150 Vt. 294, 297, 553 A.2d 1078, 1081 (1988) ("It is the burden of the appellant to demonstrate how the lower court erred warranting reversal. We will not comb the record searching for error."). Even if the court made such a ruling, it was well within its discretion in doing so given its findings with respect to the motion to amend.

Tenant next asserts that the court erred in finding that she failed to identify her disability or request reasonable accommodation. The court made this finding in connection with tenant's counterclaim for discrimination. Tenant alleged that landlord discriminated against her based on her religion and disability in violation of the Vermont Fair Housing and Public Accommodations Act. The court explained that to establish a claim for discriminatory eviction under the Vermont Fair Housing Act (VFHA) or the federal Fair Housing Act (FHA), a person must demonstrate membership in a protected class, being subjected to an adverse action, such as eviction or

4

harassment, by a landlord, which was motivated by discriminatory intent or having a discriminatory effect. Spinette v. Univ. of Vt., 2023 VT 12, ¶¶ 18, 23, 217 Vt. 550. The court found that landlord began her eviction efforts after concluding that the parties were not compatible because of the parties' numerous disagreements based on incidents of daily living. The parties had frequent issues about missing or misplaced items. The court found no evidence that pointed to landlord's actions being motivated by a discriminatory intent or having a discriminatory effect. It further found that tenant presented no credible evidence that her religion, ministry, or disability had anything to do with the eviction. The court found that tenant's claims amounted to nothing more than speculation about landlord's motivations, which was not supported by the facts. To the extent that the court's analysis rests on landlord's testimony, landlord denied a discriminatory motive in the brief portion of her direct testimony contained in the transcript. The court was free to credit that testimony. With respect to tenant's evidence, the court considered it unpersuasive, and we do not reweigh the evidence on appeal. In reviewing this claim of error, we reject tenant's attempt to characterize this claim of error as a legal, rather than factual, challenge.

We similarly reject tenant's assertion about the interruption of and landlord's duties to provide internet service. She essentially maintains that the court should have weighed the evidence differently. The court was not required to credit her position. We leave it to the trial court to assess the evidence.

Tenant also fails to show that the court erred in finding that landlord properly increased her rent. Tenant provides no legal support for her assertion to the contrary. It is undisputed that tenant received the notice. Indeed, she offered its admission at trial. That landlord explained the increase was due to heating costs is not relevant to the adequacy of the notice. Tenant provides her own view of the evidence, which the court considered unpersuasive, and we defer to the trial court's findings.

Tenant next references her retaliation and habitability counterclaims, which the court rejected. Again, she challenges the court's evaluation of the weight of the evidence, complaining that its view of the evidence was distorted. The court provided reasonable grounds for its decision, many of which rest on findings derived from landlord's testimony, and tenant fails to demonstrate any error.

Tenant also argues that the court erred in finding that she did not notify landlord that she was withholding rent due to habitability concerns. This finding turns on landlord's testimony and, as explained above, we presume that the court's findings in this regard are supported by the evidence.

Finally, tenant reiterates her breach-of-contract counterclaim, which the trial court rejected. Tenant argued that landlord breached an agreement to provide certain amenities, including furniture, appliances, and the internet, as part of the rental agreement. The court found that while there was evidence that the internet connection was interrupted at times, the evidence did not support a conclusion that landlord agreed to guarantee continuous, uninterrupted internet service. Landlord agreed only that internet service was included in the rental, and she connected tenant to the internet. The court found that landlord acted reasonably and responsibly when informed that service had been interrupted. It concluded that tenant failed to carry her burden of proof to establish the elements of an agreement for "certain amenities" or that landlord breached such an agreement. Again, tenant simply provides her own view of the evidence, which is unavailing under our standard of review.

We have considered all of the arguments raised in tenant's brief and conclude that they are all without merit.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
Michael P. Drescher, Associate Justice